CLERK: Please docket this in
each of the Debtor's cases.

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 11 |
| TUSCAN RANCH, INC. | No. 0-10-bk-14417-JMM |
| | No. 0-10-bk-17298-JMM |
| Debtor. | No. 0-10-bk-18431-JMM |
| In re: | No. 0-10-bk-18432-JMM |
| | No. 0-10-bk-27643-JMM |
| CACTUS WEST DEVELOPERS, LLC. | (Jointly Administered) |
| Debtor. | |
| In re: | **MEMORANDUM DECISION** |
| TODD AND JENNIFER BURCH, | |
| Debtors. | |
| In re: | |
| TODD BURCH, LTD., | |
| Debtor. | |
| In re: | |
| NFLUX, LLC, | |
| Debtor. | |

## INTRODUCTION

Before the court is a request for stay relief, made in each of the related cases, by AEA Federal Credit Union ("AEA"). A hearing was held on September 23, 2011. Appearances and argument were made. The court took the matter under advisement.

In order to better understand the parties' concerns, it is necessary to quickly review the status of each case.

## TODD BURCH, LTD.

This entity filed a Chapter 11 petition on June11, 2010. Schedules for the entity revealed no real property holdings, and limited personalty, to wit:

Bank Account                     $ 6,265.43

Furniture                        $ 2,500.00

There were no secured creditors, and only seven (7) unsecured creditors, whose aggregate debt is $183,664.35. Of this amount, $167,894.35 (91%) is owed to AEA.

Counsel received a $10,000 retainer for this case.

The Debtor filed a plan on March 31, 2011, which was heard on August 19, 2011. Plan confirmation was denied.

Since then, no new plan has been filed.

## TODD AND JENNIFER BURCH

The Burches, individually, filed for Chapter 11 relief on June 11, 2010.

Their assets consisted of their personal residence, secured by a lien, and a routine assortment of personal property, which they valued at $44,262.49. Most of their property is exempt. Most of the significant assets are also encumbered by liens. They listed unsecured debt of $9,227,697. There is one insider debt of $25,000. Excluding it, of the remaining $9,202,697 in unsecured debt, fully 99% or $9,127,131, is owed to AEA on continuing guarantees.

A plan was filed on March 10, 2011, but confirmation was denied on August 19,2011.

No new plan has been filed since that date.

Case 0:10-bk-14417-JMM   Doc 148   Filed 09/23/11   Entered 09/23/11 14:40:29   Desc
Main Document - Motion for Relief from Stay (150.00 fee)   Page 2 of 5

## CACTUS WEST DEVELOPERS, LLC

This Chapter 11 was filed on June 2, 2010. Its schedules reflect the following debts and assets:

| Real Property | Secured Debt | Creditor |
|---|---|---|
| 50 acres | $1,771,583 | AEA |
| 3 acres | $4,052,953 | AEA |
| 40 acres | $3,134,700 | AEA |

Other principal assets include an account receivable from another debtor entity, Tuscan Ranch, and some growing alfalfa, valued on the petition date at $360,000.

There is only one unsecured creditor, an engineering company, which is owed $18,193.

Thus, AEA is also the major creditor in this case, secured by the Debtor's real property.

A $50,000 retainer was agreed to be paid for the attorneys' services in this case.

An amended reorganization plan was filed on March 10, 2011. However, it failed to be confirmed at hearing held on August 19, 2011.

Since then, no new plan has been filed.

## TUSCAN RANCH, INC.

This voluntary Chapter 11 was filed on May 11, 2010.

The real property assets of this Debtor involve four parcels of land, each valued between $220 - $225,000. All are secured by liens to AEA. The secured debts of AEA exceed the values ascribed to each property.[1]

---

[1]     One of the properties was sold during the Chapter 11 (ECF No. 46).

3

Case 0:10-bk-14417-JMM    Doc 148    Filed 09/23/11    Entered 09/23/11 14:40:29    Desc
Main Document - Motion for Relief from Stay (150.00 fee)    Page 3 of 5

There are only three unsecured creditors. One is a co-debtor, Cactus West Developers, which is owed $121,930, and one is AEA, owed $450,000. The final unsecured creditor is Arizona Public Service, owed $7,305.

Again, AEA is the principal non-insider creditor, holding both secured and unsecured debt.

A plan was filed on December 8, 2010. It failed to be confirmed, at a hearing held on August 19, 2011.

No subsequent plans have been filed.

## NFLUX, LLC

NFLUX filed a voluntary Chapter 11 on August 30, 2010.

This Debtor's principal asset consists of 19 assisted living condominiums at 2892 W. 31st Place, Yuma, Arizona. The Debtor values the property at $6,100,000. It owes AEA $4,000,000, secured by that real property.

The Debtor's only other significant asset consists of an account receivable owed to it by Reflections Assisted Living, LLC, of $186,179.09. The Debtor's monthly operating statement, over the last year, reflect no collection on this receivable.[2]

Counsel agreed to a $25,000 fee for this Chapter 11 case.

A plan, filed on March 10, 2011, was denied confirmation on August 19, 2011.

No new plan has been filed.

## DISCUSSION AND RULING

These cases have been before the court for a long enough period that, if they were

---

[2] See ECF Nos. 25, 26, 27, 29, 30, 33, 35, 39, 41, 42 and 49. For this reason, the court assumes that Reflections is some type of related or insider-affiliated entity. The court's conclusion is assisted by the references, each month, to monies paid by the Debtor to Reflections, as an operating expense.

1   capable of reorganization, such would have happened by this time.

2         It is prejudicial to continue to restrain creditors, with legitimate secured interests, from

3   now exercising their legal remedies. Thus, the automatic stay of 11 U.S.C. §362 should be

4   dissolved and lifted.

5         Cause has been shown to lift the stays as to AEA on all of its secured collateral.

6         Counsel for AEA shall submit appropriate forms of orders, one for each of the jointly

7   administered cases.

8

9         DATED AND SIGNED ABOVE.

10

11   To be NOTICED by the BNC ("Bankruptcy Noticing Center") to:

12   Attorney for Debtors

13   Gregory John Gnepper, Attorney for AEA Federal Credit Union

14   Office of the U.S. Trustee